# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | * | |
| Plaintiff, | * | CASE NO. _____ |
| v. | * | |
| **JOHN DOE subscriber assigned IP address 68.50.250.243,** | * | |
| | * | |
| Defendant. | | |

## DECLARATION OF TOBIAS FIESER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

I, TOBIAS FIESER, HEREBY DECLARE:

1. My name is Tobias Fieser.

2. I am over the age of 18 and am otherwise competent to make this declaration.

3. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

4. I am employed by IPP, Limited ("IPP"), a company organized and existing under the laws of Germany, in its litigation support department.

5. Among other things, IPP is in the business of providing forensic investigation services to copyright owners.

6. As part of my duties for IPP, I routinely monitor the BitTorrent file distribution network for the presence of copyrighted works, and I identify the Internet Protocol ("IP") addresses that are being used by infringers to distribute these copyrighted works.

7. An IP address is a numerical identifier that is assigned to a subscriber by the subscriber's Internet Service Provider ("ISP").

1

8.     ISPs keep track of the IP addresses assigned to their subscribers. The ISP is the only party who possesses records which track IP address assignment to their subscribers. Consequently, the ISP is the source for information relating to associating an IP address to a real person.

9.     IP addresses may be assigned by the ISP to different subscribers at different times. However, at no point in time can more than one subscriber be assigned the same IP address. ISPs maintain records of which subscriber is assigned an IP address at a given point in time. Accordingly, in order to correlate a person with an IP address, the ISP needs to be given an applicable date and time reference point.

10.    ISPs only retain IP address assignment information for a limited amount of time.

11.    Plaintiff retained IPP to monitor the BitTorrent file distribution network in order to identify IP addresses that are being used by to distribute Plaintiff's copyrighted works without authorization.

12.    IPP tasked me with effectuating, analyzing, reviewing and attesting to the results of this investigation.

13.    During the performance of my duties, I used forensic software named INTERNATIONAL IPTRACKER v1.2.1 and related technology enabling the scanning of the BitTorrent file distribution network for the presence of infringing transactions involving Plaintiff's movies. A summary of how the software works is attached as Exhibit A.

14.    INTERNATIONAL IPTRACKER v1.2.1 was correctly installed and initiated on a server located in the United States of America.

15.    I personally extracted the resulting data emanating from the investigation.

16. After reviewing the evidence logs, I isolated the transactions and the IP addresses being used on the BitTorrent file distribution network to distribute Plaintiff's copyrighted works.

17. Computer(s) using the IP address identified on Exhibit B connected to IPP's investigative server in order to transmit a full copy, or a portion thereof, of each digital media file as identified by its hash values set forth on Exhibit B. At no point did IPP distribute any of Plaintiff's copyrighted works. Our software is designed in such a way to prevent any distribution of copyrighted content.

18. The IP address, hash values and hit dates contained on Exhibit B correctly reflect what is contained in the evidence logs.

19. Our software analyzed each bit downloaded from the IP address identified on Exhibit B. Our software further verified that each of these bits was a portion of the file hash as listed on Exhibit B. Each file hash listed on Exhibit B was verified to be a digital media file containing a motion picture as enumerated in Exhibit B. Our software downloaded one or more bits of each file hash listed on Exhibit B from the IP address referenced on Exhibit B.

20. I was provided with a control copy of each copyrighted work identified on Exhibit B (the "Movie"). I viewed each Movie side-by-side with the corresponding digital media file identified by its file hash value as set forth on Exhibit B. I verified that each digital media file contained a motion picture that was identical, strikingly similar or substantially similar to the Movie associated with it, as identified by its file hash, on Exhibit B.

21. I used our software and related technology to document a wider scope of activity by Defendant within the BitTorrent file distribution network. The results of this additional surveillance are set forth on Exhibit C which contains each applicable transaction date and file name distributed by Defendant.

22. Once provided with the IP Address, plus the date and time of the detected and documented infringing activity, ISPs can use their subscriber logs to identify the name, address, email address and phone number of the applicable subscriber in control of that IP address at the stipulated date and time.

**FURTHER DECLARANT SAYETH NAUGHT.**

**DECLARATION**

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29 day of January, 2013.

**TOBIAS FIESER**

By: _____