**Davis Wright Tremaine LLP**

Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC  20006-3401

John D. Seiver
202.973.4212 Direct Telephone
202.973.4412 Direct Fax
202.973.4200 Main Telephone
202.973.4499 Main Fax
johnseiver@dwt.com

March 18, 2013

RECEIVED IN THE CHAMBERS OF
ROGER W. TITUS

MAR 1 8 2013

UNITED STATES DISTRICT JUDGE

**VIA HAND DELIVERY**

The Honorable Roger W. Titus
The Honorable Paul W. Grimm
United States District Judges
United States Courthouse
6500 Cherrywood Lane
Greenbelt, MD  20770

Re:  *Malibu Media, LLC v. John Doe,*
       No. 1:13-cv-00352-ELH (and related cases) (D. Md.)

Dear Judges Titus and Grimm:

This letter is in response to your Memorandum Order dated March 1, 2013, in the above-referenced *Malibu Media* proceeding, and 30 other *Malibu Media* proceedings pending in your District. The Order set a hearing on the parties' discovery motions and designated various issues to be considered. By subsequent Order dated March 7, 2013, the Court rescheduled the hearing for Monday, March 25, 2013, at 1 p.m.

Your Honors' Order also invited those who have appeared in cases of this nature to participate as *amicus curiae* by submitting a letter and requesting an opportunity to present argument. I hereby request to appear and make a presentation. I have been involved in a number of cases (including a case involving Malibu Media) in a number of courts around the country on behalf of various Internet Service Providers, most frequently Comcast. Comcast is currently subject to subpoenas in more than 1000 copyright infringement cases in a multitude of federal courts (and some state courts) that seek the identities of subscribers associated with more than 70,000 IP addresses. To date, Comcast has identified more than 13,000 subscribers in response to the subpoenas in those cases.

The majority of my copyright work has been here in the District of Columbia, dating back to 2010, when BitTorrent copyright infringement cases were just beginning, mostly involving independent feature movies.[1] More recently a number of cases arose in D.C. that

---

[1] *Achte/Neunte Boll Kino Beteiligungs GMBH v. Does 1-4,577*, No. 1:2010-cv-00453 (D.D.C.); *West Bay One, Inc. v. Does 1-1,653*, No. 1:2010-cv-00481 (D.D.C.); *see also Voltage Pictures v. Does 1-24,583*, No. 1:10-cv-00873-BAH (D.D.C.). In *Voltage* Judge Howell denied 119 motions challenging the subpoenas in a lengthy opinion (ECF

advanced either claims for copyright infringement for pornographic movies,[2] or motions to compel compliance with subpoenas issued in the D.C. for similar infringement cases pending in other jurisdictions.[3] Some cases have even been filed in state courts.[4]

One of the cases in D.C. recounted well-worn unsavory settlement tactics used by the Plaintiffs and also resolved that these types of cases could only be brought – even for discovery – solely within the district where the Doe Defendants resided.[5] Another court agreed with a Florida Court's ruling that subpoenas should issue from the jurisdiction of the court where the action is pending.[6] Another case in which I am appearing for Comcast that involves Malibu Media has been set for a "Bellwether" trial on June 12, 2013 in Philadelphia.[7]

Another case from D.C. was the subject of a very detailed opinion last August 2012 by Judge Howell that addressed some of the same procedural issues identified in your March 1, 2013 Order, as well as joinder, severance, jurisdiction and venue with respect to Doe defendants.[8] Judge Howell certified her opinion for interlocutory review and a group of ISPs (including Comcast) petitioned the D.C. Circuit to accept an appeal. On December 7, 2012 the

---

#150). Comcast was subpoenaed to produce more than 10,000 subscriber identifications but due to other procedural issues, Comcast ultimately produced only 560 identities before the case was closed by the clerk. (Minute Order dated Jan. 10, 2012).

[2] *Third Degree Films, Inc. v. Does*, No. 1:2011-cv-01833 (D.D.C.); *Openminded Solutions, Inc. v. Does*, No. 1:2011-cv-01883 (D.D.C.).

[3] *Sunlust Pictures, LLC v. Comcast Cable Commc'ns LLC*, No. 1:2012-mc-00383 (D.D.C.); *Bubble Gum Prods., LLC v. Comcast Cable Commc'ns LLC*, No. 1:2012-mc-00382 (D.D.C.); *CP Prods., Inc. v. Comcast Cable Commc'ns LLC*, No. 1:2012-mc-00381 (D.D.C.); *Bubble Gum Prods., LLC v. Does 1-37*, No. 1:2012-mc-00356 (D.D.C.); *Millennium TGA, Inc. v. Doe*, No. 1:2012-mc-00357 (D.D.C.); *First Time Videos, LLC v. Does 1-44*, No. 1:2012-mc-00354 (D.D.C.); *First Time Videos, LLC v. Does 1-56*, No. 1:2012-mc-00353 (D.D.C.).

[4] *Lightspeed Media Corp. v. Doe*, No. 11-L-683 (Ill. Cir. Ct. Dec. 16, 2011) (granting leave to take early discovery), No. 11-L-683 (Ill. Cir. Ct. Apr. 12, 2012) (denying motions to quash subpoenas), No. 11-L-683 (Ill. Cir. Ct. May 21, 2012) (denying stay pending appeal), *rev'd sub nom, AT&T Internet Serves. v. Hon. Robert P. LeChien*, No. 114334 (Ill. June 27, 2012) (supervisory order requiring Circuit Court vacation of order denying stay and further requiring Circuit Court to allow motions to quash), *on remand, Lightspeed Media Corp. v. Doe*, No. 11-L-683 (Ill. Cir. Ct. July 16, 2012) (vacating May 21, 2012 Order and quashing subpoenas).

Lightspeed's reaction to this loss was to amend the complaint and name Comcast and AT&T as defendants for alleged violations of the Computer Fraud and Abuse Act, conspiracy, and aiding and abetting, on the theory that Lightspeed's servers were hacked to obtain free content, and the ISPs' successful effort to have the subpoenas quashed rendered them somehow liable for what the subscribers may have done. Defendants removed to federal court and moved to dismiss. *Lightspeed Media Corp. v. Smith, et al.*, No. 3:12-cv-889 GPM-SCW (S.D. Ill.) (ECF ## 26, 27, 28, and 36). The Court stayed discovery pending resolution of the motions to dismiss. (ECF #53).

[5] *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, No. 1:2012-mc-00150 (D.D.C.). The Court's Order, issued June 25, 2012, is at ECF #28.

[6] *Bubble Gum Prods., LLC v. Comcast Cable Commc'ns LLC*, No. 1:2012-mc-00382 (D.D.C.).

[7] *Malibu Media, LLC v. John Does 1,6,13,14 and 16*, No. 2:12-cv-02078-MMB (E.D. Pa.). The order setting trial and then rescheduling trial are at ECF ## 21 and 107.

[8] *AF Holdings LLC v. Does*, No. 1:2012-cv-00048 (D.D.C.). Judge Howell's Memorandum Opinion is at ECF # 46.

D.C. Circuit granted the Petition[9] and the matter is currently subject to a briefing schedule for completion in June 2013.[10] The *AF Holdings* appeal in the D.C. Circuit should be the first time a federal appellate court reaches issues concerning these mass Doe defendant copyright infringement cases. So far, the only federal appellate case to discuss any of the related issues upheld sanctions against a lawyer for a plaintiff in a Doe copyright infringement action.[11]

I would be remiss were I not to direct the Court's attention to a matter pending in the Central District of California involving AF Holdings, one of the entities your Order inquired about for a possible relation to Malibu Media. While I have no specific information on what, if any, relationship there might be, in the *AF Holdings* case (along with *Ingenuity 13*) Judge Wright issued sequential Orders to Show Cause due to his concerns that in a number of mass Doe copyright infringement cases pending before him certain tactics and non-disclosures by plaintiffs' counsel (not the same as counsel here) were sanctionable.[12]

Comcast also has been subject to the subpoenas issued in one or more of the 31 *Malibu Media* cases set for hearing here. While Comcast has not yet appeared in any of the *Malibu Media* cases in this court, my experience with cases in other courts and exposure to different litigation strategies by other counsel may help the Court in determining a judicially economic and efficient method for processing and resolving the issues presented in these mass Doe copyright infringement actions as well as the underlying claims.

If the Court permits I would like to make a brief presentation and also be available to answer any questions the Court may have.

Respectfully,

John D. Seiver
D. Md. Bar No. 30158

---

[9] *In re Cox Communications, Inc., et al.*, No. 12-8011 (D.C. Cir. Dec. 7, 2012).
[10] *AF Holdings LLC v. Does*, No. 12-7135 (D.C. Cir. March 11, 2013).
[11] *Mick Haig Productions e.K. v. Does 1-670, et al*, No. 11-10977 (5th Cir. July 12, 2012).
[12] *Ingenuity 13 v. John Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal.). The orders are at ECF ## 57, 66, and 86.