John C. Lowe
John Lowe, P.C.
5920 Searl Terrace
Bethesda MD 20816

Phone 202-251-0437
Fax 301•320•8878
EMAIL: JOHNLOWE@JOHNLOWEPC.COM

March 19, 2013

Hon. Roger W. Titus
Hon. Paul W. Grimm
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

    March 25 Hearing about Malibu Media, LLC copyright cases.
    Rebuttal to letter of Ira Siegel

Dear Judges Titus and Grimm:

    Even though I already submitted my 3 pages (and I stuck to that limit) the misstatements and errors in Mr. Siegel's letter require rebuttal. Therefore, I hope you will consider this as a fair rebuttal to the extra four pages he submitted. I will try to be very brief.

    The automobile crash analogy on page 2 of Mr. Siegel's letter is inapt, inept, and erroneous. The analogy would be that the Internet router is the equivalent of the highway, not the BMW, because there are many cars and trucks on the highway, as there may be many computers logging onto the Wi-Fi signal of the router.. The porn film companies cannot identify the computer that was used to down load the film (assuming that it was down loaded and not spoofed by Harry the Hacker). The BMW in question hit the other car and the highway did not. Here a computer downloaded the film and the router did not. The BMW used the highway to get to the other car. The computer used the router to get to the Internet signal and the film. They knew which BMW it was and the name and address of its owner. They don't know which computer it was – a neighbors', someone in a pickup truck parked 200 feet away, or someone in the router owner's house – much less the name and address of the computer's owner. There is no evidence that the Router owner "refused to pay, etc., etc." All of that is baseless speculation for which the porn film companies do not have a good faith Rule 11 basis for allegations that the router owner did anything or knew about anyone doing anything.

    Regarding statement of a plausible claim under federal pleading standards, Mr. Siegel refers in conclusory terms to "the infringers" when he has no good faith basis for saying that the router owner – the IP address owner – did any infringing act. He says that the router owner's IP address can be seen by the Bit Torrent system. But that is only the IP address of the router and it

could be connected to a dozen computers around the neighborhood and parked vehicles who are down loading films without the awareness of the router owner.

It is important to note that prior to filing suit the porn companies could go to the router owners whose IP addresses show up in their investigation (assuming that this is true) and ask to see and examine their computers in order to eliminate them as suspects. But the porn companies know that this would eliminate 99 to 100% of the people they call on and they would lose their lucrative "settlement" practice with the innocent citizens who are terrified of being identified as defendants being sued by a porn film company, regardless of how innocent they are.

Mr. Siegel says that any court that says that "an IP address alone is insufficient to establish a reasonable likelihood that it will lead to the identity of the defendants who could be sued" is just plain wrong. He makes a huge and unwarranted leap of speculation that the router owner is either the infringer or very likely knows who the infringer is. This is not talking about the owner of a computer that has been identified as having down loaded. That would be the car. This is talking about the router owner, with perhaps many computers connected to it by Wi-Fi. That is the highway. He then says that the Court should not grant a compulsory and free license to infringers just because they accomplish their infringement anonymously. But that again assumes that the router owner is the infringer.

On page 5, Mr. Siegel says that if the IP address bill payer is not the infringer then he likely knows who is. LIKELY! Where does that rank speculation come from? Certainly no facts support it. And he alleges that a Doe defendant becomes a willing victim for the person *for whom he is covering*. No facts. Raw speculation. And the danger is that these porn company lawyers will get in front of a jury and spew these speculations and create an impression based purely on their speculation.

These porn film companies realize that innocent citizens are terrified of being stigmatized by being a defendant sued by a porn film company. They realize that they can settle for $3,500.00 or $7,000.00 and still be paying less that it would cost to retain a good lawyer to defend them. I have been told by John Does that the lawyer or someone else calling on behalf of the Plaintiff said just that: "You can pay us that amount or pay the lawyer. But if you pay the lawyer you might not win and it might cost more. If you pay us, we will be gone forever and your name will never come out."

Again, I would like to speak at the hearing and would be happy to answer questions about the content of this letter.

Sincerely,

*John Lowe*

John C. Lowe