

3770 Highland Avenue, Suite #206
Manhattan Beach, California 90266-3279
Telephone: (310) 424-5557
Facsimile: (310) 414-9334
www.pietzlawfirm.com

April 22, 2013

*VIA ECF AND OVERNIGHT MAIL*

Honorable Roger W. Titus
Honorable Paul W. Grimm
United States District Court
District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

Re:	**Procedure in *Malibu Media v. John Does* Cases in District of Maryland
	Lead Case No. 8:12-cv-1195-PJM**

Judge Titus and Judge Grimm:

I write further to the Court's invitation to comment on the procedure the Court is considering for the related Malibu Media cases pending in the United States District Court for the District of Maryland. *See* No. 8:12-cv-1195, ECF No. 43. Initially, I would like to thank the Court for taking an interest in these cases, and for inviting comment from stakeholders with different viewpoints. Although I typically represent ISP subscribers in these kinds of cases and have defended many people threatened with suit by Malibu Media, LLC and similar companies, I also represent content creators and appreciate that digital piracy is a major problem.

Before moving to the topic of how these cases might best be handled going forward, I believe it may be helpful to first clarify three questions which provide relevant context for that answer:

**(1) Who are my clients in these kinds of cases?**

In these kinds of cases, I typically represent **ISP subscribers** who are being threatened with suit by Malibu Media.[1] Or, to use the term preferred by some Courts, I represent the "putative John Doe defendants." Generally, I represent people who pay the Internet bill for their households. However, as I believe this Court already understands, just because someone happens to pay the Internet bill for his or her household, does not mean that he or she is the actual ***John Doe defendant*** who used the Internet access to purportedly download a pornographic movie on BitTorrent. *See, e.g., Malibu Media, LLC v. John Does 1-11*, 2012 U.S. Dist. LEXIS 94648 (D.D.C. April 11, 2012) ("there is a reasonable likelihood that the [ISP Subscriber] may have had no involvement in the alleged illegal downloading that has been linked to his or her IP address."); *Digital Sins, Inc. v. Does 1-176*, -- F.R.D. --, 2012 WL 263491, at *3 (S.D.N.Y. Jan. 30, 2012) ("Plaintiff's counsel estimated that 30% of the names turned over by the ISP's are not

---

[1] Undersigned counsel does not currently represent anyone in the District of Maryland.

those of the individuals who actually downloaded or shared copyrighted material."); *In re: BitTorrent Adult Film Copyright Infringement Cases,* E.D.N.Y. Case No. CV-11-3995-DRH-GRB, Dkt. No. 39, 5/1/2012.

**(2) What is the status of the ISP subscribers in these cases?**

Subject to two important caveats, the ISP subscribers I represent are not *parties* to the litigation, at least not at the outset. The first caveat is that very often Malibu Media *treats* the ISP subscribers who pay the bills for their household Internet access accounts *as if they are the defendants*. Generally, when Malibu Media seeks leave for early discovery, it tends to conflate ISP subscriber with John Doe defendant. Similarly, (and this is one way these lawsuits become abusive) when Malibu Media *communicates with ISP subscribers* (particularly unrepresented ISP subscribers) Malibu Media *threatens the ISP subscribers, as if they are the defendants*. The second caveat is that although the ISP subscribers are normally not parties to the litigation at the outset, they may as well be, because, generally, most of the expense, uncertainty and threatened embarrassment associated with these suits falls squarely on the ISP subscribers' shoulders.

**(3) Is the fact that a person pays the Internet bill for an account linked to allegedly infringing activity enough, by itself, to justify naming and serving that person as a defendant in a lawsuit like this, consistent with Rule 11(b)?**

My very sincere hope is that counsel for Malibu Media, meaning Mr. Lipscomb and Mr. Hoppe, as well as Mr. Siegel, can all agree with me that the answer to the above question is 'no.'

Courts are beginning to take notice of the Rule 11(b) issue in these cases. *See Ingenuity 13, LLC v. John Doe,* C.D. Cal. No. 12-cv-8333-ODW, ECF No. 48, 2/7/13, pp. 2–7 (ordering plaintiff's counsel to show cause why he should not be sanctioned for naming and serving an ISP subscriber as the defendant in a case like this without performing adequate factual investigation per Rule 11(b)); *see also, Discount Video Center, Inc. v. Does 1-29,* D. Mass. Case No. 12-cv-10805, ECF No. 40, 8/24/12, p. 3 (John Doe motion to dismiss detailing plaintiff's contradictory position on this issue).[2]

The issue boils down to the fact that although the ISP subpoena is admittedly a *necessary* first step toward identifying a defendant, it is not, by itself, a *sufficient* means to do so. The eight hundred million dollar question in these cases has now become what is *the rest* of the discovery plan?

It was on precisely this issue that Judge Wright of the Central District of California focused when, after being transferred a large group of single-Doe related cases, he issued an order

---

[2] In a recent telephonic hearing in a Malibu Media case in the Eastern District of Michigan in which undersigned counsel appeared, Magistrate Judge Michael J. Hluchaniuk indicated, as a warning to Malibu Media's regional counsel in the Midwest, Mr. Paul Nicoletti, that it was the Court's view that simply paying the Internet bill would not be sufficient, by itself, under Rule 11(b) to justify naming and serving the account holder as the defendant.

vacating all prior subpoenas. Judge Wright explained that if the plaintiff wanted to issue new subpoenas to the ISPs it must first demonstrate,

> "how it would proceed to uncover the identity of the actual infringer once it has obtained subscriber information—given that the actual infringer may be a person entirely unrelated to the subscriber—while also considering how to minimize harassment and embarrassment of innocent citizens." *See, e.g., AF Holdings, LLC v. John Doe*, C.D. Cal. Case No. 2:12-cv-5712-ODW-(JCx) ECF No. 9, 10/19/12.

### (4) What Procedure Should the Court Use in These Cases?

Simply put, the burden is the plaintiff's to propose a discovery plan that minimizes the harassment and potential embarrassment of non-party ISP subscribers. The plaintiff has yet to do so.

I personally began asking counsel here, Mr. Jon Hoppe, to propose such a discovery plan at least as early as December of 2012 (in connection with a few cases we had together in the D.C. District, which have since been voluntarily dismissed by the plaintiff without prejudice).

The remarkable brief filed by Malibu Media here (*see* D. Md. No. 13-cv-360, ECF No. No. 15) is the first time I have ever seen Malibu Media commit anything in writing in this regard, as far as what happens beyond the subpoena returns.

Essentially, Malibu Media's current plan appears to be that it will propound what amount to *de facto* interrogatories to the ISP subscribers, and anyone who answers in a way that is unsatisfactory (which presumably includes not answering at all) will then be named and served as a defendant. *Id.* This is obviously outside the bounds of the Federal Rules of Civil Procedure, as the ISP subscribers are non-parties. Further, undersigned counsel has deep reservations about the potential for abuse in allowing Malibu Media to depose whole families, or, indeed, whole blocks on a given street, in order to substantiate its claims.

I am not sure what the Court or the plaintiff has in mind, but I would reiterate that ultimately, for a number of good reasons, it is the plaintiff's burden to propose a minimally invasive discovery plan. It is not unreasonable for a plaintiff in this kind of case to have to commit a credible discovery plan to writing *before* being given the keys to discovery by the Court.

Respectfully,

*/s/ Morgan E. Pietz*

Morgan E. Pietz
THE PIETZ LAW FIRM
mpietz@pietzlawfirm.com

Cc(s):   Counsel of record, by electronic mail