Davis Wright
Tremaine LLP

Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC 20006-3401

**John D. Seiver**
**202.973.4212 Direct Telephone)**
**202.973.4412 Direct Fax**
202-973.4200 Main Telephone
202.973.4499 Main Fax
johnseiver@dwt.com

May 30, 2013

**VIA ECF**

The Honorable Roger W. Titus
The Honorable Paul W. Grimm
United States District Judges
United States Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770

    Re:  *Malibu Media, LLC v. John Doe,*
        No. 1:13-cv-00352-ELH (and related cases) (D. Md.)

Dear Judges Titus and Grimm:

    This letter is in response to your Honors' Memorandum dated May 16, 2013, requesting comment on an Order proposing procedures for identifying individual Doe Defendants in all current and future *Malibu Media* copyright infringement cases in this Court. The procedures would be used to determine whether Malibu Media is entitled to discovery of the identities of Internet Service Providers' ("ISP") subscribers associated with one or more Internet Protocol ("IP") addresses through which copyrighted works owned by Malibu Media allegedly were downloaded and copyrights allegedly infringed. I am counsel to Comcast, an ISP whose Maryland subscribers could be subject to discovery in these cases, and have been permitted to address the Court as an *amicus*.

    In the *Malibu Media* cases currently before the Court, and scores of others in other courts across the country, copyright owners have filed complaints against unnamed Doe(s) and sought early discovery to allow it to serve Rule 45 subpoenas on ISPs to obtain the identities of subscriber(s) alleged to have committed copyright infringement, mostly by having used BitTorrent to upload or download various movies without authorization. The copyright owners in those cases, like Malibu Media here, have sought such discovery either for the purpose of amending the complaint to add the Doe(s) as defendants, or in order to contact the subscriber to seek a settlement payment so the subscriber can avoid being named as a defendant. [1]

---

[1] The Court has been advised of proceedings involving different counsel and copyright plaintiffs that resulted in multiple hearings on possible sanctions. On May 6, 2013, Judge Wright issued an order sanctioning plaintiffs and their counsel, awarding fees to a Doe Defendant's counsel, and reporting the plaintiffs' and counsels' conduct to judges of the courts where the plaintiffs and counsel have similar proceedings, the counsels' respective state bars, the IRS, and the U.S. Attorney. *Ingenuity 13 v. John Doe*, No. 2:12-cv-8333 (C.D. Cal.) (ECF No. 130), *appeals pending,* Nos. 13-55859, 13-55871, and 13-55880-84 (9th Cir.).

Anchorage    New York    Seattle
Bellevue    Portland    Shanghai
Los Angeles    San Francisco    Washington, D.C.

www.dwt.com

The Honorable Roger W. Titus
The Honorable Paul W. Grimm
May 30, 2013
Page 2

Importantly, the complaints in the related cases here are against single Doe defendants who have been preliminarily shown to be residing in Maryland, so jurisdiction appears proper without any considerations of improper joinder, need for severance, or the inconvenience or impropriety of the forum.  Questions remain whether discovery of the alleged infringers' identities from the ISPs should nevertheless be allowed based on the allegations of infringement in the various complaints.

Comcast is supportive of the Court's proposal to engage a Special Master who would make a preliminary determination of the plausibility of the infringement claims, and who would interact with subscribers to assist in determining if the Does to be identified associated with a particular IP address may be directly responsible, or otherwise indirectly responsible, for the alleged infringement.  This would ameliorate many of the concerns expressed in other cases concerning possible abuse of subscribers.  However, the proposed procedures do not at the outset involve the ISPs, as the proposed Order provides only that "upon written request of Malibu Media" the Court will order the ISPs to preserve and provide notice to subscribers.

There should be review by the Special Master and involvement of the ISPs before any Order issues.  There may be many instances where an ISP has no identifying information (*e.g.*, dates in question are beyond the dates of retention), other details in the logs do not correlate precisely to the dates or times of alleged infringement, or the subscriber's address is actually outside the district.  Also, the manner in which Malibu Media harvested the IP addresses may not have been accurate, or the determination of what files were uploaded or downloaded incomplete, making the infringement claims questionable.

Accordingly, it would be preferable if there were a process to evaluate the plausibility of the infringement claims by the Special Master *before* requiring the ISPs to give notice.  Granted, the existing cases are getting stale, but Comcast proposes that for future cases Malibu Media serve the ISPs with the early discovery request at which time the ISPs will preserve, but not yet provide notice or reveal the identities to the Special Master until a determination on the plausibility of the claims has been made.  As long as Malibu Media files its complaints within 30 to 60 days of alleged infringements, it is unlikely the IP addresses would be stale before the Special Master has an opportunity to review and order notice to subscribers and disclosure of their identities.  For the existing cases, a Court Order listing those IP addresses, dates and times of the alleged infringement, and corresponding ISPs, for the 31 related cases, could be the method of commencing preservation, as no subpoenas or other notice of these complaints has been formally served on the ISPs.

Only after the Special Master reviews the allegations, and concludes that the infringement claims are plausible, should an Order finding as much be served on the ISP, asking for notice to be given to its affected subscribers (identifying information having been preserved upon receipt of Malibu Media's request to the Court for the identities).  The ISPs would then correlate the preserved IP address logs with the subscribers' account information (which for most ISPs is a two-step process with confirming quality control analysis) and then, with identities in hand, send a form of notice compliant with 47 U.S.C.  § 551 ("Notice Letter) by overnight

The Honorable Roger W. Titus
The Honorable Paul W. Grimm
May 30, 2013
Page 3

delivery to each subscriber advising that: (1) copyright infringement of particular work(s) on particular date(s) and time(s) have been alleged; (2) the subscriber's identity has been turned over to the Special Master (and not Malibu Media) by way of a copy of the Notice Letter (with a copy to be later filed under seal with the Court if the Court so directs); (3) the subscriber should contact the Special Master directly, but not Malibu Media or the ISP, to discuss issues raised within seven days of receipt of the Notice Letter, in order to provide information on or defenses to any of the alleged infringements; (4) if the subscriber does not contact the Special Master within seven days, the Special Master will then contact the subscriber directly by telephone or by mail to determine whether the subscriber has any information on or defenses to any of the alleged infringements; (5) only after the Special Master concludes that the alleged infringement claims are plausible (but not necessarily valid), and considering any information or defenses to any of the alleged infringements provided by the subscriber, the Special Master will turn over the identifying information to Malibu Media to allow an amended complaint to be filed, under seal, within  prescribed period of time; and (6) if the subscriber wishes to settle any claims at any time, such settlement will be supervised by the United States Magistrate Judge appointed to supervise settlement.

The ISPs could further work with the Court or Special Master to develop the form of the Notice Letter, or at least on the minimum terms, and provide red-lines to the Court's proposed Order to implement these procedures.  But this process must include time for the subscriber to respond to the Notice Letter, which the current proposed Order does not appear to explicitly provide.

Finally, while not mentioned in the Order, the expense associated with determining a subscriber's identity and providing notice is not insignificant.  Accordingly, reimbursement to the ISP, on a per-IP address basis, should be considered and ordered as part of this process as well.

I am available to participate in such further hearings or proceedings as the Court directs.


Respectfully,

*s/ John D. Seiver*

John D. Seiver
D. Md. Bar No. 30158


cc:      All counsel via ECF