

600 Congress Avenue, Suite 2200
Austin, TX 78701
Telephone: 512-305-4700
Fax: 512-305-4800
www.lockelord.com

Bart Huffman
Direct Telephone: 512-305-4746
Direct Fax: 512-391-4741
bhuffman@lockelord.com

*Via E-mail*

June 3, 2013

Hon. Roger W. Titus and Hon. Paul W. Grimm
United States District Court, District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

   Re:   Memorandum Order dated May 16, 2013
         *Malibu Media, LLC v. John Doe* Cases in the District of Maryland
         Consolidated Cases including *Malibu Media, LLC v. John Doe*, No. 13-cv-362-RWT

Dear Judges Titus and Grimm:

Internet service provider SBC Internet Services, LLC d/b/a AT&T Internet Services ("AT&T") hereby submits for the Court's consideration the enclosed order entered several days ago in *Malibu Media LLC v. John Doe*, Nos. 13-cv-0205, 13-cv-0207, 13-cv-0208, 13-cv-0209, 13-cv-0315, 13-cv-0317, 13-cv-0318, 13-cv-0319, 13-cv-0320, 13-cv-0321, 13-cv-0322, 2013 U.S. Dist. LEXIS 74442 (W.D. Wis. May 28, 2013). The enclosed order, which illustrates yet another concerned court's scrutiny of the Plaintiff's pleadings, allegations, evidence, and settlement tactics, is submitted as further support for AT&T's comments set forth in my letter to Your Honors dated May 30, 2013.

Respectfully submitted,

Bart W. Huffman

w/ permission

TX State Bar No. 24070547

Encl.

Atlanta, Austin, Chicago, Dallas, Hong Kong, Houston, London, Los Angeles, New Orleans, New York, Sacramento, San Francisco, Washington DC



**MALIBU MEDIA LLC, Plaintiff, v. JOHN DOE subscriber assigned IP address 24.183.51.58, Defendant. MALIBU MEDIA LLC, Plaintiff, v. JOHN DOE subscriber assigned IP address 71.13.250.95, Defendant. MALIBU MEDIA LLC, Plaintiff, v. JOHN DOE subscriber assigned IP address 71.87.100.125, Defendant. MALIBU MEDIA LLC, Plaintiff, v. JOHN DOE subscriber assigned IP address 98.125.121.178, Defendant. MALIBU MEDIA LLC, Plaintiff, v. JOHN DOE subscriber assigned IP address 24.177.123.74, Defendant. MALIBU MEDIA, LLC, Plaintiff, v. JOHN DOE subscriber assigned IP address 24.183.92.115, Defendant. MALIBU MEDIA, LLC, Plaintiff, v. JOHN DOE subscriber assigned IP address 24.196.90.111, Defendant. MALIBU MEDIA, LLC, Plaintiff, v. JOHN DOE subscriber assigned IP address 66.168.17.59, Defendant. MALIBU MEDIA, LLC, Plaintiff, v. JOHN DOE subscriber assigned IP address 71.10.117.251, Defendant. MALIBU MEDIA, LLC, Plaintiff, v. JOHN DOE subscriber assigned IP address 71.90.19.244, Defendant. MALIBU MEDIA LLC, Plaintiff, v. JOHN DOE subscriber assigned IP address 97.86.116.18, Defendant.**

)5-slc,13-cv-207-slc,13-cv-208-wmc,13-cv-209-wmc,13-cv-315-wmc,13-cv-317-slc,13-cv-318-bbc,13-cv-319-slc,13-cv-320-slc,13-cv-321-bbc,13-cv-3

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

2013 U.S. Dist. LEXIS 74442

May 28, 2013, Decided
May 28, 2013, Filed

**COUNSEL:** [*1] For Malibu Media LLC (3:13-cv-00205-slc), Plaintiff: Mary Katherine Schulz, LEAD ATTORNEY, Schulz Law, P.C., Geneva, IL.

For Malibu Media, LLC (3:13-cv-00207-slc), Plaintiff: Mary Katherine Schulz, LEAD ATTORNEY, Schulz Law, P.C., Geneva, IL.

For Malibu Media LLC (3:13-cv-00208-bbc), Plaintiff: Mary Katherine Schulz, LEAD ATTORNEY, Schulz Law, P.C., Geneva, IL..

For Malibu Media LLC (3:13-cv-00209-slc), Plaintiff: Mary Katherine Schulz, LEAD ATTORNEY, Schulz Law, P.C., Geneva, IL.

For Malibu Media LLC (3:13-cv-00315-wmc), Plaintiff: Mary Katherine Schulz, LEAD ATTORNEY, Schulz Law, P.C., Geneva, IL.

For Malibu Media, LLC (3:13-cv-00317-slc), Plaintiff: Mary Katherine Schulz, LEAD ATTORNEY, Schulz Law, P.C., Geneva, IL.

For Malibu Media, LLC (3:13-cv-00318-bbc), Plaintiff: Mary Katherine Schulz, LEAD ATTORNEY, Schulz Law, P.C., Geneva, IL.

For Malibu Media, LLC (3:13-cv-00319-slc), Plaintiff: Mary Katherine Schulz, LEAD ATTORNEY, Schulz Law, P.C., Geneva, IL.

For Malibu Media, LLC (3:13-cv-00320-slc), Plaintiff: Mary Katherine Schulz, LEAD ATTORNEY, Schulz Law, P.C., Geneva, IL.

For Malibu Media, LLC (3:13-cv-00321-bbc), Plaintiff: Mary Katherine Schulz, LEAD ATTORNEY, Schulz Law, P.C., Geneva, [*2] IL.

For Malibu Media, LLC (3:13-cv-00322-wmc), Plaintiff: Mary Katherine Schulz, LEAD ATTORNEY, Schulz Law, P.C., Geneva, IL.

**JUDGES:** STEPHEN L. CROCKER, Magistrate Judge.

**OPINION BY:** STEPHEN L. CROCKER

**OPINION**

ORDER

Between March 25 and May 8, 2013, plaintiff Malibu Media, LLC (sometimes without the comma), filed in this court the 11 lawsuits captioned above. All are identical in their claims and formatting, alleging that the John Doe defendant located in this judicial district "is a persistent online infringer of Plaintiff's copyrights." *See, e.g.,* Complaint in 13-cv-322, dkt. 1 at ¶ 2. According to plaintiff, in each of these 11 lawsuits, the unknown defendant downloaded from plaintiff bits of plaintiff's copyrighted movies by participating in the BitTorrent file distribution network. Each defendant is known to plaintiff only by a hash value; in each of these cases, plaintiff has filed a motion for leave to take discovery before the *Rule 26(f)* conference in order to learn the actual identity of the internet service subscriber associated with the hash value known to plaintiff. *See, e.g.,* Motion in 13-cv-322, dkt. 2. In three of plaintiff's cases--namely 13-cv-205, 208 & 209--this court already has granted these motions. [*3] There is no legal or procedural impediment to granting the motions in the remaining cases. There is one equitable concern, however.

This court is aware of criticism leveled against Malibu Media and its purported business model of seeking quick settlements from identified John Does, leveraged by the implied (or perhaps inferred) threat of exposing those defendants as people who enjoy watching "adult" films, an activity that some people would prefer to keep confidential. *See, e.g., Malibu Media, LLC v. John Does 1 through 10,* 2012 U.S. Dist. LEXIS 89286, 2012 WL 5382304 at ** 3-4 (C.D. Cal. June 27, 2012); *see also Malibu Media, LLC v. John Does 1-14,* F.Supp.2d  , 2013 U.S. Dist. LEXIS 72199, 2013 WL 2285950 at *4 (N.D. Ind. May 22, 2013). But as noted by the court in Northern Indiana (quoting the court's opinion in *Patrick Collins, Inc. v. John Does 1-9,* 2012 U.S. Dist. LEXIS 132813, 2012 WL 4321718 (C.D. Ill., Sept. 18, 2012),* a copyright is a copyright, regardless of the material it covers, and early settlement demands are routine in federal civil lawsuits. So far, no problem.

But then this court is left to wonder what purpose "Exhibit C" serves in each of these lawsuits. In each of its complaints, plaintiff states that its forensic investigator, IPP Limited,

> . . [*4] . has also engaged in enhanced surveillance of other digital media files being distributed by Defendant. The results of this more intensive surveillance are outlined in Exhibit C. The Copyrights-in-Suit are solely limited to content owned by Plaintiff as outlined in Exhibit B. Exhibit C is provided for evidentiary purposes only.

Dkt. 1 at ¶ 23 in 13-cv-322.

This is nonsensical. Complaints are pleadings, not affidavits, so they have no "evidentiary purpose." Complaints are to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *F.R. Civ. Pro. 8(a)(2).* Here, in each case, plaintiff is explicitly disavowing any claim based on Exhibit C. If it were to matter, under what rule of evidence would Exhibit C be relevant at any stage of this lawsuit? Propensity evidence is forbidden by *F.R. Ev. 404(b)(1).* Plaintiff makes no claim that Exhibit C is relevant under *Rule 404(b)(2),* and if it did, then the weighing process of *Rule 403* would militate forcefully toward excluding this evidence. So what's really going on here?

Even a cursory review of each lawsuit's Exhibit C shows first, that it is always much, much longer than the short list of titles that [*5] is the actual subject of plaintiff's lawsuit, and second, that among the innocuous titles listed in each Exhibit C (*e.g.,* "Top Gear," "Star Trek VI") are numerous "adult" programs, usually many more than the handful for which plaintiff is claiming a copyright violation, and many with titles exponentially

more lewd than any title claimed by plaintiff. *Compare* "Red Satin" *with* "[Bestiality] Young Blonde . . . Dog (www.sickporn.in)." [1] One needn't be a cynic to suppose that an intended purpose--perhaps the primary purpose--of Exhibit C to the complaint in each of these lawsuits is to increase the pressure on a subsequently identified Doe defendant to settle before s/he is publicly linked to hardcore/deviant titles that are completely irrelevant to plaintiff's actual claims in the lawsuit. If this is true--and right now it is the court's operating hypothesis--then plaintiff probably has violated *F.R. Civ. Pro. 11(b)(1)*. Nothing else is going to happen in these lawsuits until the court decides this matter.

[1] This example is *not* from 13-cv-322 (I am intentionally not attributing it to a particular case, but it's in there) and this is the most justified ellipsis the court has employed in a long [*6] time.

So, we are going to freeze all of these cases until plaintiff has explained to the court's satisfaction, pursuant to *Rule 11(c)(3)*, what justifies attaching Exhibit C to each of these lawsuits and why attaching Exhibit C to each complaint does not violate *Rule 11(b)*. Each district judge will make his or her own determination of any Rule 11 violation in the cases assigned to that district judge and the chief judge will make the determination on the cases assigned by the computer to me (and for which joint consent is impossible to obtain at this juncture). I am sealing all of the complaints and attachments to protect them from prying eyes until the court determines whether Exhibit C should be stricken and whether plaintiff should be sanctioned.

ORDER

It is ORDERED that:

(1) The complaint and all attachments are SEALED in each case captioned above.

(2) These previously-entered orders are STAYED:

Case No. 13-cv-205, April 2, 2013 order, dkt. 6.

Case No. 12-cv-207, April 4, 2013 order, dkt. 6.

Case No. 12-cv-208, March 27, 2013 order, dkt. 6.

Case No. 12-cv-209, March 27, 2013 order, dkt. 6.

Plaintiff must serve a copy of the instant order on every ISP to which it has provided or otherwise [*7] invoked the orders listed in this paragraph. If plaintiff already has received from an ISP information identifying a Doe household, then plaintiff shall not communicate or contact that household in any fashion until this court grants permission to do so.

(3) Pursuant to *F.R. Civ. Pro. 11(c)(3)*, not later than June 7, 2013, plaintiff shall show cause why attaching Exhibit C to each complaint does not violate *Rule 11(b)*.

Entered this 28th day of May, 2013.

BY THE COURT:

/s/ STEPHEN L. CROCKER

Magistrate Judge